IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

    Plaintiff,                                No. CIV S-06-0880 GEB GGH PS

    vs.

AMERICAN EXPRESS CARDS,                  ORDER
and DOES 1 through 10 inclusive,

    Defendants.

_____/

        This case was referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21).  Presently pending are the motions of defendant American Express[1] to dismiss the complaint and to strike a portion of plaintiff's prayer for relief, both noticed for hearing on November 2, 2006, and plaintiff's motion to amend the complaint, noticed for hearing on November 30, 2006.  For the reasons stated below, the motion to amend the complaint is granted, and the motions to dismiss and to strike are denied without prejudice; the hearings on all matters are vacated.

        The complaint was filed April 24, 2006, and service of process completed August 8, 2006.  The parties stipulated to an extension of time within which defendant could respond to

---

[1] Defendant American Express Travel Related Services Company, Inc., represents that it was inadvertently sued as American Express Cards.

1

1   the complaint.  On September 27, 2006, defendant filed a motion to dismiss the complaint,

2   pursuant to Fed. R. Civ. P. 12(b)(6), and a motion to strike in part the prayer for relief, pursuant

3   to Fed. R. Civ. P. 12(f).  On October 19, 2006, plaintiff moved to amend the complaint pursuant

4   to Fed. R. Civ. P. 15(a),  and lodged a proposed amended complaint.

5           Fed. R. Civ. P. 15(a) provides, in pertinent part, that "a party may amend the

6   party's pleading once as a matter of course at any time before a responsive pleading is served."

7   "A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule.  Neither the

8   filing nor granting of such a motion before answer terminates the right to amend; an order of

9   dismissal denying leave to amend at that stage is improper, and a motion for leave to amend

10  (though unnecessary) must be granted if filed."  Breier v. Northern Cal. Bowling Proprietors'

11  Association, 316 F.2d 787, 789 (9th Cir. 1963); Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th

12  Cir. 2005).  Similarly, defendant's motion to strike is, by definition, a nonresponsive pleading.

13  See Fed. R. Civ. P. 12(f) (motion to strike may be made "upon motion made by a party before

14  responding to a pleading").  Plaintiff's motion to amend must be granted as a matter of right.

15          Accordingly, IT IS HEREBY ORDERED that:

16      1. Plaintiff's October 19, 2006 motion to amend the complaint is granted, and the

17  Clerk of Court is directed to file plaintiff's lodged amended complaint; and

18      2.  Defendant's September 27, 2006 motion to dismiss, and September 27, 2006

19  motion to strike, are denied without prejudice.

20          So ordered.

21  DATED: 10/25/06        /s/ Gregory G. Hollows

22          _____
        GREGORY G. HOLLOWS
23          U. S. MAGISTRATE JUDGE

24  GGH5:Banga0880.amd

25

26