IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA and MADAN LAL,

    Plaintiffs,

vs.

No. CIV S-06-0880 GEB GGH PS

AMERICAN EXPRESS CARDS,[1]
and DOES 1 through 10 inclusive,

    Defendants.
_____/

<u>ORDER</u> AND
<u>FINDINGS AND RECOMMENDATIONS</u>

    Previously pending on this court's December 14, 2006 law and motion calendar were defendant's motions to dismiss and to strike portions of the First Amended Complaint. Plaintiff Madan Lal appeared on her own behalf;[2] defendant was represented telephonically by attorney Adam Chaikin. For the reasons set forth below, the court recommends granting defendant's motion to dismiss and denying as moot defendant's motion to strike. The court will deny plaintiff's separate motion for leave to file a proposed second amended complaint, scheduled for hearing on January 4, 2007.

\\\\\

---

[1] Defendant states its correct title is "American Express Travel Related Services Company Inc.," not American Express Cards.

[2] Plaintiff Lal explained that plaintiff Banga was unavailable due to travel.

1

BACKGROUND

This case arises from a state court action filed June 28, 2002, by these plaintiffs against World Savings and Loan Association. In the course of that proceeding, World Savings served upon American Express two subpoenas for the production of plaintiffs' respective financial records. Plaintiffs filed a motion to quash the subpoenas, which they withdrew upon the request of World Savings' attorney. American Express released the requested information on July 14 and July 19, 2004.

Plaintiffs thereafter filed this action, as amended, alleging willful violation of their privacy rights and seeking actual damages of $200,000, unspecified statutory and punitive damages, and a permanent injunction barring defendant from disclosing plaintiffs' private financial records to third parties.

Pending are defendant's motions to dismiss and to strike portions of the First Amended Complaint, and plaintiffs' motion for leave to file a second amended complaint. Plaintiffs' objections to defendant's motions were untimely and nonsubstantive, premised only on boiler-plate reasons for granting leave to file the proposed second amended complaint.

A threshold matter – this court's jurisdiction – controls resolution of each of these matters.

DISCUSSION

Plaintiffs assert this court has federal question jurisdiction over this action, based upon their claim defendant violated plaintiffs' federal constitutional right to privacy. All other claims set forth in the First Amended Complaint rely upon state law.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction. See

generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by any party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Plaintiff has failed to meet this burden. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

Plaintiffs' only federal claim, violation of their federal constitutional right to privacy, is not cognizable where the only defendant is a private party. The federal constitutional right of privacy does not protect against private infringement. See, e.g., Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278, 113 S.Ct. 753, 764 (1993); see also, Hill v. National Collegiate Athletic Assn. (1994) 7 Cal.4th 1, 29, n. 8, 26 Cal.Rptr.2d 834 ("federal constitutional right to privacy applies only against state action"). Governmental regulation does not convert a private enterprise into governmental action, see, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 453 (1974), nor does the issuance of a subpoena convert a private cause of action into state action, see, e.g.; Hoai v. Vo, 935 F.2d 308, 313 (D.C.Cir.1991) ("mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state" sufficient to transform private action into state action"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983) (use of subpoena duces tecum does not create joint action with court). Plaintiffs have failed to state a claim based on the federal constitutional right to privacy.

Plaintiffs' coterminous reliance on California's constitutional right to privacy is unhelpful. While the California constitutional right of privacy is more explicit and has been

interpreted by California courts as more protective than the federal constitutional right of privacy, see, e.g., American Academy of Pediatrics v. Lungren (1997) 16 Cal.4th 307, 326, 66 Cal.Rptr.2d 210, even were it to encompass plaintiffs claims, it does not confer federal subject matter jurisdiction.

Nor does plaintiffs' proposed second amended complaint demonstrate this court's jurisdiction.  In addition to maintaining their federal constitutional right to privacy claim, plaintiffs' only other federal claims assert deceptive advertising under the Lanham Act (15 U.S.C. § 1125)[3] and "the FTC," presumably the Federal Trade Commission Act (15 U.S.C. § 45).[4]  However, both Acts require a deceptive commercial statement, and plaintiffs' only relevant averment is that defendant's Customer Service Agreement prohibits disclosure of customer financial records except, inter alia, "to comply with government agency or court orders" or "to persons authorized by law in the course of their official duties."  Plaintiffs do not demonstrate how these provisions are deceptive, much less that they are "commercial advertisements."

---

[3] "Under § 43(a) of the Lanham Act (15 U.S.C. § 1125), an actionable claim for false advertising includes the following elements:  (1) a false statement of fact in a commercial advertisement; (2) evidence that the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception must be material (i.e., likely to influence potential customers); (4) evidence the defendant caused the statement to enter interstate commerce; and (5) proof of injury incurred by the plaintiff, either by loss of sales or lessening of goodwill associated with its products." Avid Identification Systems, Inc. v. Schering-Plough Corp., 33 Fed.Appx. 854, 855, 2002 WL 464714, 1 (9th Cir. 2002), citing Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir.1997).

[4] The Federal Trade Commission Act (15 U.S.C. § 45) declares unlawful, "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."  "The test for deception is whether 'there is a representation, omission or practice that is likely to mislead the consumer acting reasonably under the circumstances.'" F.T.C. v. American Standard Credit Systems, Inc.,  874 F.Supp. 1080, 1087 (C.D.Cal.,1994), quoting Southwest Sunsites, Inc. v. F.T.C., 785 F.2d 1431 (9th Cir. 1986).  "Proof of actual deception is unnecessary to establish a violation of Section 5.  Misrepresentations are condemned if they possess a tendency to deceive." Trans World Accounts, Inc. v. F.T.C., 594 F.2d 212, 214 (9th Cir. 1979).  Three elements must be demonstrated:  "First, the FTC must show probable, not possible, deception ("likely to mislead," not " tendency and capacity to mislead").  Second, the FTC must show potential deception of "consumers acting reasonably in the circumstances," not just any consumers.  Third, . . . consider[ed] as material only deceptions that are likely to cause injury to a reasonable relying consumer . . ." Southwest, supra, at 1436.

Plaintiffs make no other allegations of federal jurisdiction, and the court is under no obligation to theorize how the facts of this case support this court's jurisdiction. This is not a case where the complaint sets forth, however implicitly, a valid basis for jurisdiction. Where the facts pled could support a basis for federal jurisdiction, a party will be given leave to amend to state that jurisdictional basis. See 28 U.S.C. § 1653. However, only inadequate jurisdictional allegations may be amended; defective jurisdictional facts may not. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-832, 109 S.Ct. 2218, 2222 (1989). "[S]ection 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not." Advani Enterprises v. Underwriters at Lloyds, 140 F.3d 157, 161 (2nd Cir. 1988). "Put another way, where the existence of subject matter jurisdiction is not disclosed in the original complaint, the court lacks power to grant leave to amend or to do anything except dismiss the case." American Land Title Assn. v. Great American Ins. Co., 2006 WL 1329782, 5 (N.D.Cal. 2006), citing Morongo Band of Mission Indians v. Calif. State Board of Equalization, 858 F.2d 1376, 1381, n. 2 (9th Cir.1988).

Allowing further amendment at this juncture would permit what Newman-Green prohibits. As plaintiffs have failed to assert any cognizable federal claim, they would have to substitute facts demonstrating federal subject matter jurisdiction based upon diversity, a matter they have not claimed and which is not evident based upon the facts pled.

Defendant's motion to dismiss should therefore be granted, and defendant's motion to strike should be dismissed as moot. Plaintiffs' motion for leave to file a second amended complaint will be denied.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 4, 2006 motion for leave to file a second amended is denied; the hearing scheduled for January 4, 2007 is vacated.

1  Further, IT IS HEREBY RECOMMENDED that:

2  1. Defendants' motion to dismiss filed November 8, 2006, should be GRANTED,

3 and this action be DISMISSED for lack of subject matter jurisdiction; and

4  2. Defendant's motion to strike filed November 8, 2006, should be DENIED as

5 moot.

6 DATED: 12/19/06                           /s/ Gregory G. Hollows

7                                            _____
                                             GREGORY G. HOLLOWS
                                             U. S. MAGISTRATE JUDGE
8
GGH5:Banga0880.mtns.fin